THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON C. BRIONES, | CASE NO. C24-1064-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| WINCO FOODS, LLC, *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. The Court must dismiss a complaint if it appears that it has no jurisdiction to proceed. Fed. R. Civ. P. 12(h)(3). A review of Plaintiff's recently filed complaint (Dkt. No. 5) reveals inadequate allegations to support this Court's jurisdiction. As a threshold matter in any suit brought in federal court, Plaintiff must identify the basis for the Court's subject matter jurisdiction. Federal courts generally possess two types of subject matter jurisdiction—federal question jurisdiction and diversity of citizenship jurisdiction. In the complaint, Plaintiff fails to indicate which, if either, apply. (*See id.* at 3.)

Federal question jurisdiction exists when a plaintiff's claim arises "under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. Assuming Plaintiff's intent

is to allege violations of the Constitution, they are insufficiently pled. "A threshold requirement of any constitutional claim is the presence of state action." *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017) (quotations and citation omitted). And here, neither named Defendant is a state actor. (*Id.* at 2.) Thus, to the extent Plaintiff seeks to allege constitutional violations, the complaint is deficient.

Diversity of citizenship jurisdiction exists where the amount at issue in the lawsuit is more than $75,000 and no plaintiff and defendant are citizens of the same state. *See* 28 U.S.C. § 1332. Here, Plaintiff pleads that both he and Defendant Securus Asset Protection and Security are Washington citizens. (*Id.* at 1–2.) This means the two are not diverse. Moreover, even if they were, Plaintiff pleads that Winco Foods, LLC is an Idaho-based limited liability company ("LLC"). (*Id.* at 2.) But Plaintiff must *also* plead the citizenship of each of the LLC's members, *see Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62 (9th Cir. 2011), as they must also be diverse to Plaintiff. This is because an LLC is a citizen of all states where its members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Based on the above, Plaintiff is ORDERED to show cause why this Court has subject matter jurisdiction. Plaintiff may do so by filing an amended complaint within thirty (30) days of the issuance of this order establishing the basis of this Court's jurisdiction. If no amendment is made, the Court will dismiss the complaint (Dkt. No. 5) for lack of subject matter jurisdiction. If, in the amended complaint, Plaintiff fails to state sufficient facts to support a cognizable legal theory (in addition to the basis of this Court's jurisdiction), the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

1 | DATED this 19th day of July 2024.

<u>Ravi Subramanian</u>
Clerk of Court

<u>s/Kathleen Albert</u>
Deputy Clerk

MINUTE ORDER
C24-1064-JCC
PAGE - 3